UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

_____

In re: Gerard J. Kamp,

                 Debtor.

                               Case No. 09-62529-6

------------------------------------------------------------

Catskill Watershed Corporation,

                    Plaintiff,

      v.                         Adversary Proceeding
                                      No.:
Gerard J. Kamp, John F. Kamp, Francis X.      **COMPLAINT TO DETERMINE**
Kamp, Jr., Thomas H. Kamp, Liana L. Westbrook,    **PROPERTY OF THE ESTATE**
Frances M. White, Teresa L. Kamp, Catherine C.     **AND TURN OVER**
Smith, Patricia F. Prezkop,

                    Defendants.

_____

        Plaintiff, Catskill Watershed Corporation (Plaintiff or "CWC"), a Creditor of the Estate

of Gerard J. Kamp (the "Debtor"), by and through its counsel, Ganz Wolkenbreit & Siegfeld

LLP (Robert E. Ganz, Esq. of counsel), and Hodgson Russ, LLP (Richard Weisz, Esq. of

counsel), as and for its Adversary Complaint against the Defendants, respectfully represents as

follows:

### Nature of Action

      1.     This is an Adversary Proceeding commenced pursuant to 11 USC 541-542 and

the Federal Rules of Bankruptcy Procedure §7001 et. seq. seeking to determine property of the

Estate and require its turn over to the Chapter 7 Trustee and, during the pendency of this action,

to prevent distribution of certain trust assets in which Debtor has an interest.

### Jurisdiction

      2.     This Court has jurisdiction based upon §§1334(b), 157(a) and 157(b) of Title 28

of the United States Code because this Adversary Proceeding arises in or under the Chapter 7

case of the Debtor now pending in the United States Bankruptcy Court for the Northern District of New York.

3. This Adversary Proceeding is a core proceeding pursuant to §§157(b)(2)(E), (K) and (O) of Title 28 of the United States Code.

4. Defendants are all of the holders of beneficial interests in Kamp Family Trust B, which is the subject of this Adversary Proceeding, and upon information and belief within the jurisdiction of this Court. This Trust, by its terms, terminates on May 17, 2010, and is to be distributed to beneficiaries, including the Debtor, under a formula supervised by the Debtor.

5. Venue of this case in this Court is proper pursuant to §1409(a) of Title 28 of the United States Code because this action arises in or under a case under Title 11 of the United States Code.

## The Debtor's Bankruptcy Filing

6. On July 21, 2009 (the "Petition date"), the Debtor completed a voluntary Petition for Relief under Chapter 7 of the Bankruptcy Code. That Petition was not, however, filed until September 9, 2009 (the "Filing date").

7. On Schedule B (Item 20), Debtor lists 35% beneficiary ownership in Kamp Family Trust B and places a $126,000.00 value on that interest. Thereafter, on Schedule C, Debtor claims as exempt the full value of the $126,000.00 value, citing CPLR 5205(c), Debtor & Creditor Law §282(2)(e). A copy of the relevant pages of the Bankruptcy Petition are attached as Exhibit 1.

8. Upon information and belief, other than 10 continuations of the 341 Hearing, the Chapter 7 Trustee, James C. Collins, has taken no action whatsoever with respect to the determination of whether or not such trust asset is, in fact, an exempt asset, and whether the value of Debtor's interest in the Trust, ascribed by the Debtor, is accurate.

{00047751.DOC:JBM}

**The Trust**

9.     On or about October 13, 2009 CWC filed an Adversary Proceeding objecting to discharge of this Debtor. While there has been some paper discovery exchanged, depositions have not been held (tentatively scheduled for May 18 and 19) and a trial date has tentatively been established for July 26, 2010.

10.     In the course of CWC's investigation and the discovery in this matter, CWC has received a copy of Kamp Family Trust B, a copy of which is attached as <u>Exhibit 2</u>.

11.     Schedule B of Debtor's Petition asserts that his value in the Trust is $126,000.00 as of the Petition Date There have been no amended schedules filed.

12.     Given the fact that it does not appear that the Chapter 7 Trustee has made any objective evaluation on the Trust corpus, and Debtor's share, and given the fact that Debtor is also a Trustee of that Trust and has the right to pre-pay a beneficiary his share (¶2.B.), receive compensation for the administration of the Trust out of the Trust corpus (¶5) and engage in other powers (¶3), all of which could have an impact on the value of the Trust and Debtor's interest as a 35% beneficiary.  All Trust transactions need to be scrutinized prior to a determination of economic value of Debtor's interest.

13.     As can be seen from ¶2.D., the Trust is to terminate on May 17, 2010 and at such time each beneficiary's separate share shall be distributed outright to the beneficiary.

**First Claim for Relief**

14.     CWC repeats and realleges each and every allegation set forth in paragraphs 1 through 12 as if set forth fully herein.

15.     By reason of 11 USC 541(a)(7), to the extent Debtor's non-matured interest in the subject Trust as of the filing date becomes a matured interest available for distribution to him as of May 17, 2010, such matured interest constitutes property of the Estate.

{00047751.DOC:JBM}

16.     Despite Debtor's claim to the contrary, Debtor's interest in Kamp Family Trust B is not an exempt asset.

17.     Absent a judicial determination that such a non-exempt asset is property of the Estate and providing for it to be turned over to the Chapter 7 Trustee, Debtor is likely to dissipate such asset and such asset will not be available for distribution to the creditors.

WHEREFORE, CWC respectfully requests the Court enter judgment in favor of Plaintiff and against Defendants as follows:

(a)     Determining that the interest of Gerard J. Kamp in the Kamp Family Trust B is a non-exempt asset of the Bankruptcy Estate;

(b)     Determining the value of the Debtor's interest in Kamp Family Trust B;

(c)     Ordering the turn over to the Chapter 7 Trustee of Debtor's interest in Kamp Family Trust B; and

(d)     Enjoining distribution by Debtor as Trustee of said Kamp Family Trust B to any beneficiary until such time as there is a determination of the size of the distribution in the aggregate and a determination of the proper share of Gerard J. Kamp as 35% beneficiary;

together with such other and further relief as to the Court seems just and proper.

DATED:     April 29 , 2010        ATTORNEYS FOR CATSKILL WATERSHED
Albany, New York                  CORPORATION

Yours, etc.

GANZ WOLKENBREIT & SIEGFELD LLP

By: _____
            Robert E. Ganz
Office and Post Office Address
One Columbia Circle
Albany, New York 12203
(518) 869-9500
reg@gwlaw.com

{00047751.DOC:JBM}

HODGSON RUSS, LLP

By: _____
       Richard Weisz
Office and Post Office Address
677 Broadway
Albany, New York 12207
(518) 465-2333
rweisz@hodgsonruss.com

**EXHIBIT 1**

B6B (Official Form 6B) (12/07)

In re    Gerard J. Kamp _____    Case No. _____
                            Debtor                                                          (If known)

# SCHEDULE B - PERSONAL PROPERTY

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH-OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 1. Cash on hand | X | | | |
| 2. Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | HSBC Bank, Checking | | 0.00 |
| Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | HSBC Bank, Savings | | 0.00 |
| Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | Wachovia, Checking | | 0.00 |
| 3. Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4. Household goods and furnishings, including audio, video, and computer equipment. | | Miscellaneous Household Goods and Furnishings | | 5,000.00 |
| 5. Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |
| 6. Wearing apparel. | | Miscellaneous Clothing | | 500.00 |
| 7. Furs and jewelry. | X | | | |
| 8. Firearms and sports, photographic, and other hobby equipment. | X | | | |
| 9. Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | | Northwestern Mutual Life | | 403.00 |
| Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | | Northwestern Mutual Life | | 460.00 |
| 10. Annuities. Itemize and name each issuer. | X | | | |
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | | |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | X | | | |

B6B (Official Form 6B) (12/07) -- Cont.

In re  **Gerard J. Kamp**                                          Case No. _____
                    _____,
                          Debtor                                              (If known)

# SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH-OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | | **90% Member of Kamp Sites & Realty LLC** | | 398,000.00 |
| Stock and interests in incorporated and unincorporated businesses. Itemize. | | **Owner of American-Sino Processing Inc. (Miscellaneous Assets)** | | 3,000.00 |
| 14. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 15. Government and corporate bonds and other negotiable and nonnegotiable instruments. | X | | | |
| 16. Accounts receivable. | | **Tom Leonard Judgment** | | 114,000.00 |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | X | | | |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A - Real Property. | X | | | |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | | **Fannie E. Kamp Life Insurance Trust II, 1/9 Beneficiary** | | 45,000.00 |
| Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | | **Frank X. Kamp Trust, 10% Beneficiary** | | 45,000.00 |
| Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | | **Kamp Family Trust B, 35% Beneficiary** | | 126,000.00 |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | X | | | |
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | X | | | |
| 26. Boats, motors, and accessories. | X | | | |
| 27. Aircraft and accessories. | X | | | |

B6B (Official Form 6B) (12/07) -- Cont.

In re  Gerard J. Kamp _____    Case No. _____
                    Debtor                                    (If known)

# SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH-OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 28. Office equipment, furnishings, and supplies. | X | | | |
| 29. Machinery, fixtures, equipment and supplies used in business. | X | | | |
| 30. Inventory. | X | | | |
| 31. Animals. | | **46 Chickens and roosters** | | 368.00 |
| 32. Crops - growing or harvested. Give particulars. | X | | | |
| 33. Farming equipment and implements. | X | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | |
| 35. Other personal property of any kind not already listed. Itemize. | X | | | |

    __2__   continuation sheets attached          Total  ▸   $ 737,731.00

                                    (Include amounts from any continuation sheets
                                    attached. Report total also on Summary of
                                    Schedules.)

B6C (Official Form 6C) (12/07)

In re **Gerard J. Kamp** _____     Case No. _____
                                  Debtor                                                    (If known)

# SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor claims the exemptions to which debtor is entitled under:          ☐ Check if debtor claims a homestead exemption that exceeds
(Check one box)                                                                                          $136,875
☐ 11 U.S.C. § 522(b)(2)
☑ 11 U.S.C. § 522(b)(3)

| DESCRIPTION OF PROPERTY | SPECIFY LAW PROVIDING EACH EXEMPTION | VALUE OF CLAIMED EXEMPTION | CURRENT VALUE OF PROPERTY WITHOUT DEDUCTING EXEMPTION |
|---|---|---|---|
| Fannie E. Kamp Life Insurance Trust II, 1/9 Beneficiary | CPLR § 5205(c), Debt. & Cred. Law § 282(2)(e) | 45,000.00 | 45,000.00 |
| Frank X. Kamp Trust, 10% Beneficiary | CPLR § 5205(c), Debt. & Cred. Law § 282(2)(e) | 45,000.00 | 45,000.00 |
| Kamp Family Trust B, 35% Beneficiary | CPLR § 5205(c), Debt. & Cred. Law § 282(2)(e) | 126,000.00 | 126,000.00 |
| Miscellaneous Clothing | CPLR § 5205(a)(5) | 500.00 | 500.00 |
| Miscellaneous Household Goods and Furnishings | CPLR § 5205(a)(5) | 5,000.00 | 5,000.00 |

**EXHIBIT 2**

## KAMP FAMILY TRUST B

Made this       day of                    , 2002,  by  and between GERARD J. KAMP, JOHN F. KAMP, FRANCIS X. KAMP, JR., THOMAS H. KAMP, LIANA L. WESTBROOK, FRANCES M. WHITE, THERESA L. KAMP, CATHERINE C. SMITH, AND PATRICIA F. PRZEKOP, hereinafter called the "Grantors", and GERARD KAMP, hereinafter called the "Trustee".  This Trust shall be known as " Kamp Family Trust B."

1. <u>Trust Estate</u>.

A. The Grantors have this day transferred, assigned and delivered to the Trustee the property described in the attached Schedule A.

B. The Grantors or any other person may add, at any time, and from time to time, property to the principal of the trust fund with the unanimous consent of the Trustee. All such additions shall be held, controlled and distributed by the Trustees in accordance with the terms and conditions of this agreement.  Such property shall constitute the trust fund.

2. <u>Disposition of Trust Fund</u>

A. The Trustee shall divide the corpus of the trust into separate shares for the benefit of each of the following beneficiaries (the Beneficiaries) in the percentages set opposite their names below:

| | |
|---|---|
| GERARD J. KAMP | 35% |
| JOHN F. KAMP | 15% |
| FRANCIS X. KAMP, JR. | 14% |
| THOMAS H. KAMP | 15% |
| LIANA L. WESTBROOK | 5% |
| FRANCES M. WHITE | 4% |
| THERESA L. KAMP | 4% |
| CATHERINE C. SMITH | 4% |
| PATRICIA F. PRZEKOP | 4% |

B. The Trustee shall pay to or apply for the benefit of each Beneficiary  the net income from his or her share at least annually. The Trustee may distribute the trust principal from a Beneficiary's share to the Beneficiary if the Trustee, in his sole and absolute discretion, determines that it is in the best interest of all of the Beneficiaries to do so.

1

C.  Upon the death of a Beneficiary before the termination of the Trust, the Trustee shall retain the deceased Beneficiary's share of the trust fund and substitute the deceased Beneficiary's estate as the beneficiary of the share.

D.  The Trust shall terminate on May 17, 2010, and each Beneficiary's separate share shall be distributed outright to the Beneficiary. In the case of a deceased Beneficiary, the deceased Beneficiary's share shall be distributed outright to the deceased Beneficiary's estate.

3.  <u>Powers of Trustees</u>.  The Grantors hereby confer upon the Trustee the following rights and powers, without limitation by reason of specification, and in addition to powers conferred by Section 11-1.1 of the New York Estates, Powers and Trusts Law, and by other law:

A.  To hold and retain the property described in Schedule A and any additions to principal as part of the principal of this trust, although said property may not be of the character of investment permitted by law to trustees and although said property may be under productive property under Section 11-2.1 (k) of the Estates, Powers and Trusts Law of the State of New York.

B.  To invest and reinvest any funds in the trust, in such property, real or personal, or of any kind or nature, as the Trustee may consider prudent and suitable without being limited or restricted to investments prescribed or authorized for trustees by the laws of New York or any other state.

C.  To sell, at public or private sale, mortgage, lease (even though the term of the lease may extend beyond the term of this trust) and otherwise manage, subdivide and improve personal property and real property, including rights below and above the surface of the real property, including sales on credit, in such manner and at such prices as the Trustee may determine.

D.  To borrow money and pledge or mortgage property for any purposes, including the right to borrow from the Trustee.

E.  To make distributions in cash or in kind, or partly in cash and partly in kind.

F.  To employ agents, brokers, engineers, surveyors, accountants, and attorneys, etc., and to pay their reasonable compensation.

G.  To act in reliance upon any document or other paper, if believed by the Trustee to be genuine and to be signed and delivered by or on behalf of the proper

2

person, firm or corporation, without incurring liability for any action or inaction based thereon.

4.    <u>Business interests held by Trust.</u>    The Trust owns a significant interest in Indian Country Inc. (the Corporation) .

A.    The Trustee is authorized to take part in the management of the Corporation and to fix or change the policy thereof; to select and vote for directors and officers of the Corporation; to act as director and officer of the Corporation individually; to take such steps with respect to naming or changing officers, constituting or reconstituting the managing or operating personnel, as he may deem advisable; to reduce, expand, limit, or otherwise change the nature of the business conducted by the Corporation, and to act with respect to any other matter in connection therewith as the Trustee shall deem advisable, including sale or liquidation of any or all of the Trust's interests in the Corporation.

B.    The Trustee is authorized to advance or loan money to the Corporation from the trust in order to aid the Corporation, or with a view to maintaining or increasing the value of the Corporation, whether or not such advance shall constitute a legal investment for fiduciaries under the laws of any state.

C.    The Trustee shall not be held to personal liability for reduction of income or loss of capital that may result in the course of the operation of the Corporation. His actions are to be considered in relation to any risks involved in the operation of a business and his responsibility shall be judged in relation to the authorization conferred upon him to engage in a speculative enterprise.

5.    <u>Compensation of Trustees and the Management Committee.</u>

The Trustee shall be entitled to reasonable compensation for the administration of the Trust, and to the reimbursement of expenses.

6.    <u>Power of Amendment.</u>

The Trust Agreement may be amended or revoked at any time by a vote of the Beneficiaries conducted as follows:  (i) each Beneficiary's vote shall count to the extent of his or her percentage as assigned in Article 2; (ii) for an amendment to pass, the total percentages voting in favor of the amendment must equal or exceed 70%; and (iii) if the vote equals or exceeds 70%, then the Beneficiaries voting in favor of the amendment shall sign and acknowledge a document effectuating the amendment.

3

7.     Accounting by Trustees.

Trustees shall be entitled at any time to settlement of his, her or its accounts by agreement with a majority of the Beneficiaries (based upon the number of then living Beneficiaries and not their percentages) and such agreement shall bind all persons, whether or not then in being, then or thereafter entitled to any portion of the trust and shall effectually release and discharge the Trustee for the acts and proceedings so accounted for.

8.     Resignation of Trustee; Appointment of Successor Trustee.

A.     A Trustee may resign at any time by delivering or mailing written notice to the then living Beneficiaries.  Such resignation shall take effect upon the date specified in such written notice.

B.     The original Trustee may appoint a Successor Trustee at any time in writing. Absent such an appointment,  JOHN F. KAMP shall serve as Successor Trustee. Absent such an appointment, a Successor Trustee may be appointed by a majority vote of the Beneficiaries determined by  percentages in the manner described in Part 6 above. Absent such an appointment, a New York court of competent jurisdiction shall appoint a Successor Trustee.

C.   Such Successor Trustee, upon written acceptance of the trust, shall be vested without further act on the part of anyone, with all the powers and discretions granted to their predecessor.   The prior Trustee shall execute and deliver such assignments or other instruments that may be advisable.

D.  A Trustee shall be entitled to reimbursement from the trust fund of all expenses incurred by it in connection with the settlement of his or her accounts, and the transfer and delivery of the trust fund to the Successor Trustee, including accrued commissions.

9.     Bond.  No bond or other security shall be required to be furnished by the Trustees or Successor Trustees in any jurisdiction.

10.     Governing Law.  This agreement shall be construed and regulated in all respects by the laws of the State of New York.

11.     Acceptance of Trust.  The Trustee hereby accepts the trust herein created.

4

IN WITNESS WHEREOF, the parties hereto have executed this instrument the day and year first above written.

_11/18/02_
Date

_Gerard J. Kamp_ (signature)
Gerard J. Kamp

_11/18/2002_
Date

_John F. Kamp_ (signature)
John F. Kamp

_____
Date

_____
Frank X. Kamp, Jr.

_11/18/02_
Date

_Thomas H. Kamp_ (signature)
Thomas H. Kamp

_11-18-02_
Date

_Liana L. Westbrook_ (signature)
Liana L. Westbrook

_____
Date

_____
Frances M. White

_____
Date

_____
Theresa L. Kamp

_11-19-02_
Date

_Catherine C. Smith_ (signature)
Catherine C. Smith

_____
Date

_____
Patricia F. Przekop

STATE OF NEW YORK    )
                     ) SS.:
COUNTY OF Broome     )

On this 18th day of November in the year 2002, before me, the undersigned,
GERARD J. KAMP, personally appeared , personally known to me or proved to me on
the basis of satisfactory evidence to be the individual whose name is subscribed to the
within instrument and acknowledged to me that he executed the same in his capacity,
and that by his signature on the instrument, the individual, or the person upon behalf of
which the individual acted, executed the instrument.

Notary Public

DENNIS C. DISBROW
NOTARY PUBLIC, State of New York
No. 01D14791392 Reg. in Yates County
My Commission Expires July 31, 2003
Certificate Filed : Broome County

STATE OF NEW YORK    )
                     ) SS.:
COUNTY OF Broome     )

On this 18th day of November in the year 2002, before me, the undersigned, JOHN
F. KAMP, personally appeared , personally known to me or proved to me on the basis of
satisfactory evidence to be the individual whose name is subscribed to the within
instrument and acknowledged to me that he executed the same in his capacity, and that
by his signature on the instrument, the individual, or the person upon behalf of which the
individual acted, executed the instrument.

Notary Public

DENNIS C. DISBROW
NOTARY PUBLIC, State of New York
No. 01D14791392 Reg. in Yates County
My Commission Expires July 31, 2003
Certificate Filed: Broome County

STATE OF NEW YORK    )
                     ) SS.:
COUNTY OF            )

On this      day of        in the year 2002, before me, the undersigned, FRANK
X. KAMP, Jr. personally appeared , personally known to me or proved to me on the basis
of satisfactory evidence to be the individual whose name is subscribed to the within
instrument and acknowledged to me that he executed the same in his capacity, and that
by his signature on the instrument, the individual, or the person upon behalf of which the
individual acted, executed the instrument.

_____
Notary Public

6

STATE OF NEW YORK )
) SS.:
COUNTY OF Broome )

On this 18th day of November in the year 2002, before me, the undersigned,
THOMAS H. KAMP personally appeared , personally known to me or proved to me on
the basis of satisfactory evidence to be the individual whose name is subscribed to the
within instrument and acknowledged to me that he executed the same in his capacity,
and that by his signature on the instrument, the individual or the person upon behalf of
which the individual acted, executed the instrument.

                                        _____
                                        Notary Public       DENNIS C. DISBROW
                                                    NOTARY PUBLIC, State of New York
                                                    No. 01D14791392 Reg. in Yates County
                                                    My Commission Expires July 31, 2005
                                                    Certificate Filed: Broome County

STATE OF NEW YORK )
) SS.:
COUNTY OF Broome )

On this 18th day of November in the year 2002, before me, the undersigned, LIANA
L. WESTBROOK personally appeared , personally known to me or proved to me on the
basis of satisfactory evidence to be the individual whose name is subscribed to the
within instrument and acknowledged to me that she executed the same in her capacity,
and that by her signature on the instrument, the individual, or the person upon behalf of
which the individual acted, executed the instrument.

                                        _____
                                        Notary Public       DENNIS C. DISBROW
                                                    NOTARY PUBLIC, State of New York
                                                    No. 01D14791392 Reg. in Yates County
                                                    My Commission Expires July 31, 2005
                                                    Certificate Filed: Broome County

STATE OF NEW YORK )
) SS.:
COUNTY OF )

On this     day of     in the year 2002, before me, the undersigned,
FRANCES M. WHITE personally appeared , personally known to me or proved to me on
the basis of satisfactory evidence to be the individual whose name is subscribed to the
within instrument and acknowledged to me that she executed the same in her capacity,
and that by her signature on the instrument, the individual, or the person upon behalf of
which the individual acted, executed the instrument.

7

_____

Notary Public

STATE OF NEW YORK )
                        ) SS.:
COUNTY OF              )

    On this      day of          in the year 2002, before me, the undersigned, THERESA L. KAMP personally appeared , personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that she executed the same in her capacity, and that by her signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

_____

Notary Public

STATE OF NEW YORK )
                        ) SS.:
COUNTY OF  Broome      )

    On this 19th day of November in the year 2002, before me, the undersigned, CATHERINE C. SMITH personally appeared , personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that she executed the same in her capacity, and that by her signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

Notary Public

DENNIS C. DISBROW
NOTARY PUBLIC, State of New York
No. 01D14791392 Reg. in Yates County
My Commission Expires July 31, 2005
Certificate on file i Broome County

STATE OF NEW YORK )
                        ) SS.:
COUNTY OF              )

    On this      day of          in the year 2002, before me, the undersigned, PATRICIA F. PRZEKOP personally appeared , personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that she executed the same in her capacity, and that by her signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

8

**IN WITNESS WHEREOF**, the parties hereto have executed this instrument the day and year first above written.

Date _____                    Gerard J. Kamp _____

Date _____                    John F. Kamp _____

Date  11/18/2002                                 Frank X. Kamp, Jr. _____

Date _____                    Thomas H. Kamp _____

Date _____                    Liana L. Westbrook _____

Date _____                    Frances M. White _____

Date _____                    Theresa L. Kamp _____

Date _____                    Catherine  C. Smith _____

Date _____                    Patricia F. Przekop _____

5

STATE OF NEW YORK   )
                    ) SS.:
COUNTY OF           )

    On this     day of     in the year 2002, before me, the undersigned, GERARD J. KAMP, personally appeared , personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

                                    _____
                                      Notary Public

STATE OF NEW YORK   )
                    ) SS.:
COUNTY OF           )

    On this     day of     in the year 2002, before me, the undersigned, JOHN F. KAMP, personally appeared , personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

                                      _____
                                      Notary Public

STATE OF NEW YORK   )
                    ) SS.:
COUNTY OF           )

    On this 18 day of Nov in the year 2002, before me, the undersigned, FRANK X. KAMP, Jr. personally appeared , personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

                                      Notary Public

MICHAEL D. MILLER
MY COMMISSION # DD 053437
EXPIRES: August 28, 2005
Bonded Thru Notary Public Underwriters

NOV-18-2002 MON 01:06PM ID:

IN WITNESS WHEREOF, the parties hereto have executed this instrument the day and year first above written.

_____
Date

_____
Gerard J. Kamp

_____
Date

_____
John F. Kamp

_____
Date

_____
Frank X. Kamp, Jr.

_____
Date

_____
Thomas H. Kamp

_____
Date

_____
Liana L. Westbrook

_____11/22/0___
Date

_Frances M. White_
Frances M. White

_____
Date

_____
Theresa L. Kamp

_____
Date

_____
Catherine  C. Smith

_____
Date

_____
Patricia F. Przekop

5

STATE OF NEW YORK    )
                     ) SS.:
COUNTY OF            )

On this        day of        in the year 2002, before me, the undersigned,
THOMAS H. KAMP personally appeared , personally known to me or proved to me on
the basis of satisfactory evidence to be the individual whose name is subscribed to the
within instrument and acknowledged to me that he executed the same in his capacity,
and that by his signature on the instrument, the individual, or the person upon behalf of
which the individual acted, executed the instrument.

_____
Notary Public


STATE OF NEW YORK    )
                     ) SS.:
COUNTY OF            )

On this        day of        in the year 2002, before me, the undersigned, LIANA
L. WESTBROOK personally appeared , personally known to me or proved to me on the
basis of satisfactory evidence to be the individual whose name is subscribed to the
within instrument and acknowledged to me that she executed the same in her capacity,
and that by her signature on the instrument, the individual, or the person upon behalf of
which the individual acted, executed the instrument.

_____
Notary Public


                        New Hampshire
STATE OF ~~NEW YORK~~    )
COUNTY OF Sullivan      ) SS.:
                        )

On this 22ⁿᵈ day of Nov, in the year 2002, before me, the undersigned,
FRANCES M. WHITE personally appeared , personally known to me or proved to me on
the basis of satisfactory evidence to be the individual whose name is subscribed to the
within instrument and acknowledged to me that she executed the same in her capacity,
and that by her signature on the instrument, the individual, or the person upon behalf of
which the individual acted, executed the instrument.

7                       *Christina G. Theriault*

CHRISTINA A. THERIAULT, Notary Public
My Commission Expires December 5, 2006

IN WITNESS WHEREOF, the parties hereto have executed this instrument the day and year first above written.

_____
Date

_____
Gerard J. Kamp

_____
Date

_____
John F. Kamp

_____
Date

_____
Frank X. Kamp, Jr.

_____
Date

_____
Thomas H. Kamp

_____
Date

_____
Liana L. Westbrook

_____
Date

_____
Frances M. White

_____11- 20 - 2002_____
Date

*Theresa L. Kamp*
Theresa L. Kamp

_____
Date

_____
Catherine  C. Smith

_____
Date

_____
Patricia F. Przekop

5

_____
Notary Public

STATE OF NEW YORK )
) SS.:
COUNTY OF _Broome_ )

On this _20th_ day of _Nov._ in the year 2002, before me, the undersigned,
THERESA L. KAMP personally appeared , personally known to me or proved to me on
the basis of satisfactory evidence to be the individual whose name is subscribed to the
within instrument and acknowledged to me that she executed the same in her capacity,
and that by her signature on the instrument, the individual, or the person upon behalf of
which the individual acted, executed the instrument.

MARK BOWMAN
Notary Public, State of New York
Residing in Broome County
My commission expires February 13, 1~~9~~ 2003

_____   _Mark Bowman_
Notary Public

STATE OF NEW YORK )
) SS.:
COUNTY OF )

On this        day of            in the year 2002, before me, the undersigned,
CATHERINE C. SMITH personally appeared , personally known to me or proved to me
on the basis of satisfactory evidence to be the individual whose name is subscribed to
the within instrument and acknowledged to me that she executed the same in her
capacity, and that by her signature on the instrument, the individual, or the person upon
behalf of which the individual acted, executed the instrument.

_____
Notary Public

STATE OF NEW YORK )
) SS.:
COUNTY OF )

On this        day of            in the year 2002, before me, the undersigned,
PATRICIA F. PRZEKOP personally appeared , personally known to me or proved to me
on the basis of satisfactory evidence to be the individual whose name is subscribed to
the within instrument and acknowledged to me that she executed the same in her
capacity, and that by her signature on the instrument, the individual, or the person upon
behalf of which the individual acted, executed the instrument.

8

IN WITNESS WHEREOF, the parties hereto have executed this instrument the day and year first above written.

_____

Date

_____

Gerard J. Kamp

_____

Date

_____

John F. Kamp

_____

Date

_____

Frank X. Kamp, Jr.

_____

Date

_____

Thomas H. Kamp

_____

Date

_____

Liana L. Westbrook

_____

Date

_____

Frances M. White

_____

Date

_____

Theresa L. Kamp

_____

Date

_____

Catherine  C. Smith

_____11/25/02_____

Date

_____

Patricia F. Przekop

5

_____
Notary Public

STATE OF NEW YORK    )
                     ) SS.:
COUNTY OF            )

On this         day of         in the year 2002, before me, the undersigned, THERESA L. KAMP personally appeared , personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that she executed the same in her capacity, and that by her signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

_____
Notary Public

STATE OF NEW YORK    )
                     ) SS.:
COUNTY OF            )

On this         day of         in the year 2002, before me, the undersigned, CATHERINE C. SMITH personally appeared , personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that she executed the same in her capacity, and that by her signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

_____
Notary Public

STATE OF ~~NEW YORK~~ CALIFORNIA )
                     ) SS.:
COUNTY OF Contra Costa )

On this 25th day of November in the year 2002, before me, the undersigned, PATRICIA F. PRZEKOP personally appeared , personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that she executed the same in her capacity, and that by her signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

8

*Lucinda A. Sailer*

Notary Public

**KAMP FAMILY TRUST B**

SCHEDULE "A"

