UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

---

IN RE:        GERARD J. KAMP,

                    Debtor.

Case No.: 09-62529
Chapter 7

---

CATSKILL WATERSHED CORPORATION,

                    Plaintiff,

        -vs-

GERARD J. KAMP,

                    Defendant.

Adversary Proceeding No.: 09-80067

---

CATSKILL WATERSHED CORPORATION,

                    Plaintiff,

        -vs-

GERARD J. KAMP, JOHN F. KAMP, FRANCIS X.
KAMP, JR., THOMAS H. KAMP, LIANA L.
WESTBROOK, FRANCES M. WHITE, TERESA L.
KAMP, CATHERINE C. SMITH, and PATRICIA
F. PREZKOP,

                    Defendants.

Adversary Proceeding No.: 10-80018

**FILED**

FEB 1 0 2011

OFFICE OF THE BANKRUPTCY CLERK
UTICA, NY

---

Hon. Diane Davis, U. S. Bankruptcy Judge

### ORDER GRANTING APPLICATION TO APPROVE SETTLEMENT

This matter, having been presented to the Court by Debtor-Defendant Gerard J. Kamp

("Debtor"), by and through his counsel, Hinman, Howard & Kattell, LLP (Harvey D. Mervis, Esq.),

Plaintiff-Creditor Catskill Watershed Corporation ("CWC"), by and through its counsel, Hodgson

Russ, LLP and Ganz Wolkenbreit & Friedman LLP (Richard L. Weisz, Esq.), and Chapter 7 Trustee

James C. Collins, Esq., upon the filing of a motion made pursuant to Federal Rule of Bankruptcy

Procedure 9019(a) seeking entry of an order approving a global settlement of CWC's (1) Adversary

Proceeding No. 09-80067 (hereinafter the "Section 727 Discharge Proceeding"), commenced

October 13, 2009, (2) Adversary Proceeding No. 10-80018 (hereinafter the "Section 542 Turnover

Proceeding"), commenced April 29, 2010, and (3) Motion Objecting to Exemptions (hereinafter the

"Exemption Motion"), filed in Debtor's main case on June 15, 2010 (hereinafter the "Settlement

Motion");  and notice having been provided to the Office of the United States Trustee, all creditors

and parties-in-interest as set forth in Debtor's Certificate of Service and Supplemental Certificate

of Service filed on January 11, 2011, and January 13, 2011, respectively, and no opposition having

been filed; and the Court having considered the motion papers, the records in the main case, Section

727 Discharge Proceeding, and the Section 542 Turnover Proceeding; and the Court having further

considered the oral arguments and decisional law addressed therein, including, but not limited to,

*State Bank of India v. Chalasani (In re Chalasani)*, 92 F.3d 1300 (2d Cir. 1996) (recognizing that

courts may allow settlement of discharge proceedings under appropriate circumstances) and *In re*

*Maynard*, 269 B.R. 535, 541 (D. Vt. 2001) (recognizing *Chalasani* and directing application of a

four-part test to determine whether settlement of a complaint objecting to discharge is fair and

equitable and in the best interests of the estate), in support of the Settlement Motion; and the Court

having duly determined that the terms of the parties' settlement are fair and equitable and in the best

interests of the estate; and for other good cause shown; it is hereby

      ORDERED that:

1.     The Settlement Agreement executed by and between the parties through their

respective counsel on December 8, 2010, and attached to the Settlement Motion as

Exhibit "A," be and is hereby approved in its entirety;

2.     The parties shall, as stated on the record at the hearing on the Settlement Motion,

take all actions required by the Settlement Agreement;

3.    Debtor shall receive a Discharge Order as provided in Paragraph 1 of the Settlement

Agreement, unless, on or before 4:45 p.m. on February 20, 2011, the Chapter 7

Trustee or CWC advise the Court that Debtor has failed to remit the scheduled

payments stated therein; and

4.    As of 4:45 p.m. on February 20, 2011, barring opposition by the Chapter 7 Trustee

or CWC for non-payment as set forth in Paragraph 3 above, the Section 727

Discharge Proceeding and the Section 542 Turnover Proceeding shall be deemed

dismissed with prejudice and the Exemption Motion shall be deemed withdrawn as

if same had never been filed.

IT IS SO ORDERED.
Dated: February 10, 2011

HONORABLE DIANE DAVIS
United States Bankruptcy Judge